**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STATE NATIONAL INSURANCE CO.,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CIVIL ACTION NO. 06-401-KD-B** |
| | ) | |
| **ALICE MAY LEWIS, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the following: plaintiff's motion for default judgment as to Alice May Lewis and Robert Earl Tolbert (Doc. 20) filed March 19, 2007; plaintiff's motion for default judgment as to Rodney Sandspree (Doc. 22) filed March 28, 2007; plaintiff's motion for default judgment as to Randy Allison and Heartland Homes, L.L.C., filed March 28, 2007; plaintiff's motion for summary judgment and brief in support (Doc. 29) filed May 29, 2007; defendants' Alice May Lewis and Robert Earl Tolbert's response to the plaintiff's motion for summary judgment (Doc. 32) filed June 5, 2007 and defendant Tracy Lockett's response to the plaintiff's motion for summary judgment (Doc. 33) filed June 11, 2007.

I.     Procedural Background

This action is before the Court on a complaint for declaratory judgment filed by plaintiff State National Insurance Company ("State National") on July 11, 2006.  (Doc. 1) Plaintiff subsequently amended the complaint on December 28, 2006.  (Doc. 16)

1

*Randy Allison and Heartland Homes, L.L.C.[1]*

On August 3, 2006 defendant Randy Allison, proceeding *pro se*, filed an answer to plaintiff's complaint.  (Doc. 6) On March 28, 2007 plaintiff filed a motion for default judgment as to defendant Allison and Heartland Homes, L.L.C.  (Doc. 23) [2]

*Rodney Sandspree* [3]

Defendant Sandspree, who is also proceeding *pro se*,  was served with the complaint on July 18, 2006.  (Doc. 22, Exhibit B) Counsel for plaintiff represents that he telephoned defendant Sandspree on September 28, 2006 and provided him an additional fourteen days in which to respond to the complaint.  (Id. at Exhibit C) On October 23, 2006 counsel for plaintiff wrote Sandspree allowing him an additional fourteen days to respond to the complaint.  (Id at Exhibit D)

On December 28, 2006 plaintiff filed its First Amended Complaint for Declaratory Judgment.  (Doc. 16) Plaintiff maintains that Sandspree was served with the amended complaint via the court's electronic filing system on December 28, 2006 and mailed a copy on or about January 19, 2007.  On February 19, 2007, counsel for plaintiff wrote Sandspree requesting that he file an answer to State National's Amended Complaint within seven (7) days to avoid default proceedings. (Doc. 22, Exhibit F).  On or about February 26, 2007, counsel for plaintiff received

---

[1] In a handwritten answer to the complaint, Mr. Allison states that he owned Heartland Homes, L.L.C. with his partner Rodney Sanspree .  (Doc. 6) Thus, it appears that his answer was filed on behalf of himself and defendant Heartland Homes, L.L.C.

[2] In light the Court's finding that plaintiff is entitled to summary judgment, plaintiff's motion for default judgment as to defendant Allison and Sandspree  (Doc. 23) is **MOOT.**

[3] Plaintiff refers to defendants Heartland Homes, L.L.C., Randy Allison and Rodney Sandspree, collectively, as the "Heartland defendants."

2

an undated, handwritten letter from Sandspree along with a copy of the first page of the amended

complaint.  (<u>Id</u> at Exhibit G) The letter states as follows:

> Dear Brian Tobin:
> It is to the [b]est of my knowledge that at the time of the sales transaction
> that Heartland Homes L.L.C. was [c]overed [b]y State National Insurance
> Company.  Thank you, Rodney Sanspree

(<u>Id.</u>)  Sandspree did not file the letter with the Court and the plaintiff maintains that it is

insufficient to prevent the entry of default judgment.  (Doc. 22 at 4)  Thereafter, on March 27,

2007 plaintiff filed a motion for default judgment against Sandspree.  (<u>Id.</u>)[4]  No response has

been filed on behalf of this defendant to the motion for default judgment or the motion for

summary judgment.

   *Alice May Lewis and Robert Earl Tolbert*

   On January 24, 2007 defendants Lewis and Tolbert through their counsel of record , filed

an answer to plaintiff's complaint for declaratory judgment.  (Doc. 18)  Thereafter, on March 19,

2007, plaintiff filed a motion for default judgment against defendants.  (Doc. 20)[5] On May 29,

2007 plaintiff filed a motion for summary judgment against all defendants on the grounds, in

sum, that there is no insurance coverage for any liability on the part of the Heartland defendants

with respect to the underlying state court actions.  (Doc. 29)

   On June 5, 2007 defendants Lewis and Tolbert filed a response to the motion for

summary judgment stating that they "have no opposition to the Motion for Summary Judgment

---

[4]  In light the Court's finding that plaintiff is entitled to summary judgment on the complaint, plaintiff's motion for default judgment as to defendant Sandspree (Doc. 22) is **MOOT.**

[5]  In light of defendants' subsequent filing conceding the motion for summary judgment, plaintiff's motion for default judgment as to defendants Lewis and Tolbert (Doc. 20) is **MOOT.**

3

filed by the Plaintiff [and] [t]hat the Defendants would prefer that the disposition of this case be handled via Motion for Summary Judgment as opposed to a default judgment.   (Doc. 32)

*Tracey Lockett*

On April 5, 2007 defendant Lockett filed, through his counsel of record, a waiver of service of process.  (Doc. 25) [6]  On June 11, 2007 defendant Lockett filed a response to the motion for summary judgment stating that he "will offer no opposition to the motion for summary judgment filed by Plaintiff State National Insurance Company."  (Doc. 33)

II.   Factual Background [7]

This cause of action stems from two underlying state court actions filed against Heartland Homes, L.L.C., Randy Allison and Rodney Sandspree in relation to a December 21, 2003 fire which destroyed a mobile home and allegedly caused the deaths of Debra Ann Lewis, Willie Floyd Tolbert and Tracy B. Lockett, Jr. (Doc. 16) [8]

---

[6]  There has been no answer filed on behalf of Mr. Locket.

[7]  Defendants Lockett, Lewis and Tolbert, through their counsel of record, have indicated that they have no opposition to the summary judgment.  (Docs. 32, 33) Defendants Allison, Sandspree and Heartland Homes, L.L.C. have not responded to the motion for summary judgment and the time for doing so expired on June 18, 2007.  (Doc. 30).  Local Rule 7.2 provides, in pertinent part:  (b) Response of Opposing Party. Within thirty (30) days thereafter, or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. *Failure to do so will be considered an admission that no material factual dispute exists;* provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact."  Local Rule 7.2 (emphasis added)  Accordingly, the Court adopts the findings of fact and conclusions of law as set out by plaintiff in its motion for summary judgment.

[8]  The actions, pending in the Circuit Court of Marengo County, Alabama are styled Tracy B. Lockett as father and next friend of Tracy B. Lockett, Jr. v. Oakwood Homes Corporation, et. al, CV-05-076 and Alice May Lewis as Administratrix of the Estate of Debra

Following the December 21, 2003 fire, defendant Tracy B. Lockett, Sr., as the next friend of Tracy B. Lockett, Jr., deceased, filed suit on May 16, 2005, in the Circuit Court of Marengo County, Alabama, alleging, inter alia, that the Heartland Defendants sold the mobile home in question while wrongfully failing to warn against certain risks associated with manufactured homes and failing to offer certain safety features. (Doc. 29, Exhibit A).

On September 22, 2005, Don Stallings, a third party claims administrator responsible for the managing the claims associated with the above-styled matter, received a letter from Richard Johnson, the attorney for defendant Randy Allison, advising him of the Lockett Complaint and purporting to tender the defense of the matter. After receiving Johnson's letter, Don Stallings requested a copy of the file and began an investigation of the claims. After determining that the "bodily injury" resulted from a mobile home fire on December 21, 2003 and reviewing the language of the subject policy, Mr. Stallings came to the conclusion that there was no coverage for an incident and injuries which occurred outside the subject policy period.  However, before formally declining coverage, Mr. Stallings retained counsel with respect to the issue of coverage. Ultimately, it was determined that the policy only covered bodily injury which occurred during the policy period (August 18, 2000 to August 18, 2001).  (Doc. 29, Exhibit B, Affidavit of Don L. Stallings and attached Certified Copy of Commercial General Liability Policy) Thereafter, Alice May Lewis and Robert Earl Tolbert, as the Administratrix and Administrator of the Estates of Debra Ann Lewis and Willie Floyd Tolbert, respectively, filed their own lawsuit against the Heartland Defendants, which arose from the same incident as the Lockett incident and contained

---

Ann Lewis, deceased, and Robert Earl Tolbert, as Administrator of the Estate of Willie Floyd Tolbert, deceased v. Oakwood Homes Corporation, et al., CV-05-196. (Doc. 29, Exhibits A, C)

similar allegations. The Lewis suit was filed on December 21, 2005 in the Circuit Court of Marengo County, Alabama. (Doc. 29, Exhibit C).

After receiving another letter from Randy Allison's attorney, dated February 16, 2006, notifying him of the filing of the Lewis action, Don Stallings, once again, requested the file and forwarded the same to counsel. Ultimately, it was determined that a declaratory judgment action was necessary. (Doc. 29, Exhibit B).

Based on the dispute which arose as to whether State National was obligated to defend and/or indemnify the Heartland Defendants under a liability policy which was effective from August 18, 2000 to August 18, 2001, State National filed the instant action on July 11, 2006, seeking a declaration that it had no duty to either defend or indemnify the Heartland Defendants in the underlying Lewis action, nor any obligation to pay any resulting judgment. (Doc. 1) After filing the initial Complaint with respect to Lewis, State National amended its Complaint on December 21, 2006, in order to include both coverage disputes. (Doc. 16)

*The Insurance Policy*[9]

---

[9] SECTION I - COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result, But:
(1) The amount we will pay for damages is limited as

The Heartland defendants are residents of the State of Alabama.  Heartland Homes, LLC, operated out of its principal place of business at 2755 Camden Bypass, Camden, Alabama 36726. (Id.).  Heartland Homes, L.L.C was the named insured under Commercial General Liability Policy, Policy No. RPB310409, which State National Insurance issued on August 18, 2000. (Doc. 29, Exhibit B)  The effective policy period was from August 18, 2000 to August 18, 2001. (Id.)  The policy was countersigned by Stephen M. Blevins, Alabama Insurance License No: A051369. (Id.).

III.    Summary Judgment Standard

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[10]  The

---

described in Section III - Limits of Insurance; and
(2) Our right and duty to defend end when we have used up the
applicable limit of insurance in the payment of judgments
or settlements under Coverages A or B or medical expenses
under Coverage C.
No other obligation or liability to pay sums or perform acts or
services is covered unless explicitly provided for under
Supplementary Payments - Coverages A and B.
b. This insurance applies to "bodily injury" and "property
damage" only if:  (1) The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";
and (2) The "bodily injury" or "property damage" occurs during
the policy period.
c. Damages because of "bodily injury" include damages
claimed by any person or organization for care, loss of
services or death resulting at any time from the "bodily
injury".

(Doc. 29, Exhibit B)

[10]  Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall  be granted:

party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden then shifts to the nonmovant to show the existence of a genuine issue of material fact.  Id.  "If the nonmoving party fails to makes 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof, 'the moving party is entitled to summary judgment." Id. (quoting Celotex Corp., v. Catrett, 477 U.S. 317 (1986))(footnote omitted).  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) cert denied, 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed. 2d 657 (1993) (internal citations and quotations omitted).  However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment.  Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004), cert denied, 543 U.S.1081, 125 S.Ct. 869, 160 L.Ed.2d 825 (2005).

IV.    Discussion

---

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Plaintiff argues that the liability policy issued to Heartland does not provide coverage for any liability that Heartland, Randy Allison or Rodney Sandspree may have in relation to the underlying state court actions filed against them by defendants Lewis, Tolbert and Lockett in the Circuit Court of Marengo County, Alabama.  (Doc. 29 at 1)  Plaintiff further maintains that it has no duty to defend the allegations in Lewis or Lockett's complaint and that it is not obligated under the subject policy to pay any judgment resulting from either Lewis or Lockett.  (Id. at 2)

The conclusions of law set forth in the plaintiff's argument section of the brief in support of the motion for summary judgment are hereby adopted as the reasoning of the Court. Specifically, the Court notes that under Alabama law, there is no coverage for a December 21, 2003 mobile home fire, which occurred outside the applicable policy period of August 18, 2000 to August 18, 2001.[11] See, American States Insurance Co. v. Martin, 662 So.2d 245, 250 (Ala. 1995); United States Fidelity & Guaranty Co. v. Warwick Development Co., 446 So.2d 1021, 1024(Ala.1984)("As a general rule the time of an 'occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act is committed but the time the complaining party was actually damaged.")

V.    Conclusion

Based on the foregoing, the Court finds that there is no genuine issue of material fact that would preclude this Court's entry of judgment in favor of plaintiff and that plaintiff is therefore entitled to judgment as a matter of law on its complaint seeking declaratory relief.  (Doc. 1) Accordingly, plaintiff State National Insurance Company's motion for summary judgment (Doc.

---

[11]  It is undisputed that the injuries and deaths made the basis of the underlying actions occurred on December 21, 2003.  (Doc. 29, Exhibits A, C)

29) is **GRANTED.**

Accordingly, it is the finding of the Court that State National Insurance Company has no duty, under the subject liability insurance policy, to defend either Heartland Homes, LLC, Randy Allison, or Rodney Sandspree with respect to the underlying state court actions filed by Tracy B. Lockett, Sr., Alice May Lewis and Robert Earl Tolbert in  the Circuit Court of Marengo County, Alabama, bearing Civil Action Number: CV-05-076 and CV-05-196, respectively.

It is the further finding of the Court that State National Insurance Company has no duty, under the subject liability insurance policy, to indemnify Heartland Homes, LLC, Randy Allison, or Rodney Sandspree for any judgments which may be rendered against them in connection with the underlying state court claims identified herein.

**DONE** this the 3rd day of July 2007.

 s/ Kristi K. DuBose                             
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

10